Exhibit "A"

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME<br>Michael J. Dennin, Esquire | TELEPHONE NUMBER<br>(856) 665-5709 | COUNTY OF VENUE<br>Camden |
|---|---|---|

FIRM NAME (if applicable)
Vincent J. Ciecka, P.C.

DOCKET NUMBER (when available)
CAm-L-03l6-l5

OFFICE ADDRESS
5709 Westfield Avenue
P.O. Box 560
Pennsauken, New Jersey  08110

DOCUMENT TYPE
Complaint

JURY DEMAND   ☒ YES   ☐ No

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Marianne Podolski | CAPTION<br>Marianne Podolski vs  First Transit, et al |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>603N | HURRICANE SANDY<br>RELATED?<br>☐ YES   ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO<br>IF YOU HAVE CHECKED YES, SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT |
|---|---|---|

RELATED CASES PENDING?
☐ Yes   ☒ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes   ☒ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)
Unknown

☐ NONE
☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION
Personal Injury - No Special Characteristics

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

### Track III - 450 days' discovery
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA

288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

Please check off each applicable category    ☐ Putative Class Action    ☐ Title 59

LAW OFFICES OF VINCENT J. CIECKA, P.C.
By: Michael J. Dennin, Esquire
Identification No.: 027262005
5709 Westfield Avenue
Pennsauken, NJ   08110
(856) 665-5709
(856) 665-4107 – fax
email – mdennin@ciecka.com



Attorney for Plaintiff(s)

| | |
|---|---|
| MARIANNE PODOLSKI | SUPERIOR COURT OF NEW JERSEY |
| Plaintiffs | LAW DIVISION – CAMDEN COUNTY |
| v. | |
| FIRST TRANSIT, FIRST TRANSIT BUS SERVICES SOLUTIONS COMPANY, FIRST TRANSIT, INC., FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA, SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, NEW JERSEY TRANSIT, CARL S. WATTS, and JOHN DOES 1 through 100 (fictitiously named defendants) | Docket Number: |
| | Civil Action |
| Defendants | |

The Plaintiff, Marianne Podolski, residing at 316 Gull Cove, Brigantine, New Jersey 08023 in the Township of Galloway, County of Atlantic, and State of New Jersey by way of Complaint against the Defendants, says:

<u>COMPLAINT</u>

<u>PARTIES</u>

The Plaintiff, Marianne Podolski, resides at 316 Gull Cove, Brigantine, New Jersey 08023 in the Township of Galloway, County of Atlantic, and State of New Jersey.

1.      Plaintiff, Marianne Podolski, is an adult individual and residents of the State of New Jersey, residing at 316 Gull Cove, Brigantine, New Jersey 08203.

2.      Defendant Carl S. Watts, is an adult individual who resides at 231 Martin L. King Boulevard, Atlantic City, Atlantic County and State of New Jersey

3.      Defendant, First Transit, is a trade name, corporation sole proprietorship and/or other business entity organized and existing in the State of New Jersey, with an address therein, located at 133 East Atlantic Avenue, Lawnside, New Jersey 08045, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia and regularly conducts business in the Commonwealth of Pennsylvania and State of New Jersey.

4.      Defendant, First Transit, (hereinafter "First Transit") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and the State of New Jersey, with an addresses therein, located at 133 East Atlantic Avenue, Lawnside, New Jersey 08045 and located at 4201 Tacony Street, Philadelphia, Pennsylvania 19124, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia and regularly conducts business in the State of New Jersey and Commonwealth of Pennsylvania.

5.      At all times relevant hereto, Defendant, First Transit, employed, hired and/or contracted with Defendant, Carl S. Watts to operate a truck and/or bus and/or van and/or bus and/or van owned, leased, maintained, inspected, repaired, and/or possessed by Defendant, First Transit, for the purpose of making deliveries and transporting individuals, materials, and goods, and transporting individuals, materials, and goods..

6.      Defendant, First Transit Bus Services Solutions Company, (hereinafter "FTBSSC") is a trade name, corporation sole proprietorship and/or other business entity organized and existing in the Commonwealth of Pennsylvania, Philadelphia County, with addresses therein at 8800 Essington Avenue, Philadelphia, Pennsylvania 19153 and

4201 Tacony Street, Philadelphia, Pennsylvania 19124, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia regularly conducts business in the Commonwealth of Pennsylvania.

7.     Defendant, First Transit Bus Services Solutions Company, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address therein, located at 4201 Tacony Street, Philadelphia, Pennsylvania 19124 and 8800 Essington Avenue, Philadelphia, Pennsylvania 19153.

8.     At all times relevant hereto, Defendant, "FTBSSC", employed, hired and/or contracted with Defendant, Carl S. Watts to operate a truck and/or bus and/or van that was owned, leased, maintained, inspected, repaired, and/or possessed by Defendant, "FTBSSC", for the purpose of making deliveries and transporting individuals, materials, and goods, and transporting individuals, materials, and goods.

9.     Defendant, First Transit, Inc., is a trade name, corporation sole proprietorship and/or other business entity organized and existing in the Commonwealth of Pennsylvania, County of Philadelphia with addresses therein at 8800 Essington Avenue, Philadelphia, Pennsylvania 19153 and 4201 Tacony Street, Philadelphia, Pennsylvania 19124, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia and regularly conducts business in the Commonwealth of Pennsylvania.

10.     Defendant, First Transit, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address therein, located at Philadelphia County, with addresses therein at 8800 Essington Avenue, Philadelphia, Pennsylvania 19153 and 4201 Tacony Street, Philadelphia, Pennsylvania 19124, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia and regularly conducts business in the Commonwealth of Pennsylvania.

11.     At all times relevant hereto. Defendant, First Transit. Inc., employed, hired and/or contracted with Defendant. Carl S. Watts to operate a truck and/or bus and/or van and/or bus and/or van owned, leased. maintained. inspected, repaired, and/or possessed by Defendant. First Transit, Inc.. for the purpose of making deliveries and transporting individuals. materials. and goods. and transporting individuals, materials, and goods..

12.     Defendant. First Student. Inc. a/k/a First Group America. is a trade name, corporation sole proprietorship and/or other business entity organized and existing in the City of Cincinnati, County of Hamilton. with an address therein, located at 600 Vine Street, Suite 1400, Cincinnati, OH 45202, which at all times relevant and material hereto, has facilities located in the City and County of Philadelphia and regularly conducts business in the Commonwealth of Pennsylvania.

13.     Defendant. First Student. Inc. a/k/a First Group America, is a corporation organized and existing under the laws of the City of Cincinnati. with an address therein, located at 600 Vine Street, Suite 1400. Cincinnati. OH 45202.

14.     At all times relevant hereto. Defendant. First Student. Inc. a/k/a First Group America, employed. hired and/or contracted with Defendant. Carl S. Watts to operate a truck and/or bus owned. leased. maintained. inspected. repaired. and/or possessed by Defendant. First Student. Inc. a/k/a First Group America, for the purpose of making deliveries and transporting individuals. materials, and goods. and transporting individuals, materials. and goods.

15.     Defendant. Southeastern Pennsylvania Transportation Authority (hereinafter referred to as SEPTA). is a corporation duly organized and existing under and by virtue of the Commonwealth of Pennsylvania and engaged in the business of a common carrier for hire as well as a lead agency for Defendants First Transit Inc., First

Group, First Student. and/or FTBSSC and for that purpose, owns and operates buses, subway cars, trolley cars and trains with an office for service located at 1234 Market Street, 5th Floor, Philadelphia. PA.

16.     Defendant. New Jersey Transit is a corporation duly organized and existing under and by virtue of the State of New Jersey. and engaged in the business of a common carrier for hire and/or lead agency for Defendants  First Transit.  First Transit, Inc., First Student, Inc. a/k/a First Group America,  "FTBSSC and for that purpose, owns and operates buses, vans and trains with an office for service located at 1 Penn Plaza East, Newark. New Jersey 07105.

17.     On all dates relevant hereto. Defendant. Carl S. Watts, acted individually and in her own right. and also acted as an agent. servant, worker. and/or employee of Defendants, First Transit.  First Transit, Inc.. First Student, Inc. a/k/a First Group America.  "FTBSSC". acting within the course and scope of her employment and/or agency as a commercial van/bus/truck driver.

18.     At all times relevant hereto. Defendant Watts acted as an agent for and/or on behalf of Defendants  First Transit.  First Transit. Inc.. First Student. Inc. a/k/a First Group America.  and/or "FTBSSC".

19.     At all times relevant hereto. Defendant First Transit. Inc.  a/k/a First Group America acted as the agent for on behalf of Defendants. SEPTA, NJ Transit, First Transit, Inc., First Student. Inc. a/k/a First Group America. First Student and/or "FTBSSC".

20.     At all times relevant hereto  Defendant First Student  Inc acted as the agent for

on behalf of Defendants, First Transit, Inc. a/k/a First Group America SEPTA, NJ

Transit, First Transit, Inc., First Student, Inc. a/k/a First Group America, and/or

"FTBSSC".

    21.    At all times relevant hereto, Defendant NJ Transit acted as the agent for

        and/or

on behalf of Defendants, SEPTA, First Transit, Inc., First Student, Inc. a/k/a First Group

America, and/or "FTBSSC".

    22.    At all times relevant hereto, Defendant Septa acted as the agent for

        and/or on

behalf of Defendants, First Transit, Inc., First Student, Inc. a/k/a First Group America,

and/or "FTBSSC".

    23.    At all times relevant hereto, Defendant FTBSSC acted as the agent for

        and/or on

behalf of Defendants, First Transit, Inc., First Student, Inc. a/k/a First Group America,

NJ Transit and/or SEPTA.

    24.    On all dates relevant hereto, Watts, and/or Defendant First Transit Inc.,

        acted

individually and in her own right, and also acted as an agent, servant, worker, and/or

employee of Defendants FTBSSC, First Transit, Inc., First Student, Inc. a/k/a First

Group America, NJ Transit and/or SEPTA, acting within the course and scope of her

employment and/or agency as a commercial truck/van/bus driver.

## FACTUAL AVERMENTS

    25.    On June 18, 2013 Plaintiff Marianne Podolski resided at the above

        address and

was gainfully employed at more than one place of employment

26.     On June 18. 2013. Defendant. Carl S. Watts was driving a commercial van/bus/commercial vehicle and transporting individuals, goods and/or materials. on or about the 4100 Block of Brigantine Boulevard. City of Brigantine. Atlantic County and State of New Jersey.

27.     Defendant Carl S. Watts. and the other Defendants. did not engage in viewing her surroundings. failed to keep her vehicle in her lane. failed to keep her vehicle under control, failed to proceed at an appropriate speed. failed to visualize what was in front of him while operating her truck and/or bus and/or van on the roadway.

28.     Defendant. Carl S. Watts's passenger side front mirror struck plaintiff about the back, neck. head. and shoulder area while plaintiff was acting lawfully and with due care.  Defendant Watts then pulled over on the side of the road to investigate what had happened and noticed the Plaintiff. Marianne Podolski on the ground in front of her vehicle.

29.     At all times relevant and material hereto, Defendants NJ Transit. SEPTA, First

Transit, Inc., First Student. Inc. a/k/a First Group America, and/or "FTBSSC". acting jointly, and/or in concert with the other defendants. selected a driver. bus. van. commercial vehicle, trailer and/or vehicle which was improper for its intended use, in a state of disrepair, defective. malfunctioning. and/or otherwise not suited for the roadway on which it was traveling on the time and date in questions.  At all times relevant and material hereto. the above Defendants failed to properly hire. train. entrust. teach, instruct, direct, retain Defendant Watts on appropriate and safe driving. leading to Defendant Watts to operate her vehicle in such a manner that led to Plaintiff s injuries.

## FIRST COUNT
## PLAINTIFF V. DEFENDANT FIRST TRANSIT

30.     Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.

31.     At the time and place aforesaid, Defendant negligently, carelessly, and unlawfully caused its employee and driver Carl S Watts to allow her vehicle to hit the Plaintiff, causing the Plaintiff severe, serious, and permanent personal injuries and economic losses.

32.     At all times relevant hereto, the commercial vehicle/van/bus was driven by the Defendant was lawfully owned/eased, maintained, repaired, inspected and/or possessed by Defendant, First Transit.

33.     Defendant Carl S. Watts was employed, hired and/or contracted by Defendant First Transit to provide transportation services to individuals and/or the public on the date in question. Defendant First Transit negligently, wrongfully and otherwise hired, trained, maintained, instructed, employed, retained, and/or allowed Defendant Carl S. Watts to use and operate the Defendant's vehicle/van. At all relevant times, Defendant Carl S. Watts was acting in the course and scope of employment and/or agency with Defendant First Transit.

34.     At the time and place aforesaid, the negligence carelessness and/or recklessness of Defendants Carl S Watts individually and on behalf her employer/principal, Defendant, First Transit consisted of, inter alia the following:

        a)     operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting

Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury

b)      failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c)      acting. and/or failing to act. without due regard for the rights, safety. and position of the Plaintiff at the time and place aforesaid;

d)      failing to properly assess a dangerous condition;

e)      failing to contact emergency personnel in a timely fashion;

f)      negligently. carelessly. and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g)      negligently. carelessly. and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act.

h)      operating her vehicle for too long a period of time to safely operate said vehicle. in violation of the Federal Motor Vehicle Carrier Safety Act.

I)      failing to take proper rest so as to be able to operate the vehicle in a safe manner. in violation of the Federal Motor Vehicle Carrier Safety Act;

j)      failing to keep a proper lookout to maintain safety fo others;

k)      negligence per se

l)      negligence at law;

m)      failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner. in violation of the Federal Motor Vehicle Carrier Safety Act.

o)    failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

p)    negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to, 49 CFR Parts 300-399;

q)    failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r)    failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395;

s)    failing to maintain proper safety lessons, teaching, coaching, instruction, education, guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey;

t)    such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

(a)    failed to have and/or failed to follow appropriate company policies and/or                procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors.

      (b)      failed to properly and/or adequately oversee and/or train its employees;

      agents. servants and/or contractors:

      ©      improperly retained. hired and/or contractually entered into an agreement      with its employees without properly reviewing. investigating and/or

      insuring the ability. professionalism, and/or work product of its

      employees; agents.

      Servants, and/or contractors: and

      (d)      inadequately supervised, cared for and/or exercised oversight in regard

      to its employees. agents. servants and/or contractors.

      35.      As a direct and proximate result of the aforesaid negligence. negligence per se, carelessness and/or recklessness of the Defendants. individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future. which injuries are permanent in nature and caused by the Defendants herein.

      36.      As a direct and proximate result of the negligence. carelessness. recklessness and/or negligence per se of the Defendants. individually and/or through their agents, Plaintiff. was caused to suffer severe and permanent injuries to her body, including, but not limited to. severe brain trauma. spinal injuries to her neck and back, injuries to her shoulders and head. nerve damage to her arms and legs, surgery to her cervical spine, mental distress. anxiety. and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff

has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future.

37.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

38.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future. Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

39.    As a direct result of the negligence of defendants, plaintiff, Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff demands judgment against the Defendants. First Transit, First Transit Bus Services Solutions Company, First Transit. Inc.. First Student, Inc., First Group America. Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant. John Does, 1 through 100, individually, jointly, severally and/or in the alternative, in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## THIRD COUNT
## PLAINTIFF V. DEFENDANTS FIRST TRANSIT BUS SERVICES SOLUTIONS COMPANY

40.    Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.

41.    At the time and place aforesaid. Defendant negligently, carelessly, and unlawfully caused his vehicle to hit the Plaintiff. causing the Plaintiff severe, serious, and permanent personal injuries and economic losses

42.    At all times relevant hereto. the commercial vehicle driven by the Defendant was lawfully owned, leased, maintained, repaired, inspected and/or possessed by Defendant, First Transit Bus Services Solutions Company.

43.    Defendant Carl S. Watts was employed, hired and/or contracted by Defendant First Transit Bus Services Solutions Company to provide transportation services on the date in question.

Defendant. FTBSSC. acting individually and/or through its employees. agents servants and/or contractors. Defendant Watts, and/or the other named Defendants acted in a

negligent, careless, and reckless manner, as more fully set forth herein above, resulting in severe and serious permanent injuries to the Plaintiff.

44.     Defendant, FTBSSC, is liable for the negligent conduct of its employees, agents, servants and/or contractors, as set forth in Count I.

45.     As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of the Defendant, FTBSSC, Plaintiff, was caused to suffer the damages set forth in this Complaint.


46.     At the aforesaid time and place Defendant, Watts, and/or Defendant, FTBSSC, operated said commercial vehicle as the agent, servant and/or employee of Defendants listed in this Complaint, and with the express and/or implied permission of Defendants, and therefore his acts of negligence are imputed to Defendant.

47.     In addition to being liable under theories of *respondent superior*, vicarious liability and/or agency, Defendants Carl S. Watts and/or FTBSSC, at all times relevant and material hereto, hired and/or contracted with Defendant Watts and/or Defendants First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA to deliver and/or transport individuals in the course and scope of its business and in interstate commerce, despite the fact that Defendant knew or reasonably should have known that Defendant(s) Carl S. Watts, First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA was a negligent operator and/or inspector and/or was improperly trained, and/or unfit to operate the commercial vehicle at the time and place aforesaid.

48.     At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her

employer/principal, Defendant. First Transit Bus Services Solutions Company. First Student, First Student, Inc., First Group. SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA consisted of, inter alia, the following:

a) operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury;

b) failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c) acting, and/or failing to act, without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d) failing to properly assess a dangerous condition;

e) failing to contact emergency personnel in a timely fashion;

f) negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g) negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act;

h) operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act;

I) failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

j) failing to keep a proper lookout to maintain safety fo others;

k)   negligence per se;

l)   negligence at law

m)   failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o)   failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

p)   negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to, 49 CFR Parts 300-399;

q)   failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r)   failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395;

s)   failing to maintain proper safety lessons, teaching, coaching, instruction, education guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey

t)   such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

(a)     failed to have and/or failed to follow appropriate company policies and/or                         procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors;

(b)     failed to properly and/or adequately oversee and/or train its employees;

agents, servants and/or contractors;

©     improperly retained, hired and/or contractually entered into an agreement                         with its employees without properly reviewing, investigating and/or

insuring the ability, professionalism, and/or work product of its

employees; agents, servants, and/or contractors; and

(d)     inadequately supervised, cared for and/or exercised oversight in regard

to its employees, agents, servants and/or contractors.

49.     As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein

50.     As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her

cervical spine, mental distress, anxiety, and depression and numerous other ailments

and injuries and will continue to suffer for an indefinite period of time into the future,

which injuries are permanent in nature and caused by the Defendants herein. Plaintiff

has been compelled, in order to attempt treatment of her aforesaid injuries, to incur

medical expenses and will be required to expend such sums of money for an indefinite

period of time into the future. Plaintiff had limited automobile insurance and has had to

spend great sums on her own health insurance, co-pay, deductibles, out of pocket

expenses, liens against any recovery by her private health carrier and/or PIP carrier,

and other medical losses into the future and need for surgery into the future.

51.     As a direct and proximate result of the negligence, carelessness,

recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will

continue to be prevented or restricted from attending to her usual duties, activities, and

occupations, and has suffered and will continue to suffer into the future, a loss of

earnings and loss of future earning capacity, to her great financial detriment and loss.


52.     As a direct and proximate result of the negligence, carelessness,

recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great

pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's

pleasures, and numerous other damages and losses, and in all likelihood, will continue

to sustain these losses indefinitely into the future. Plaintiff has lost income in the past by

not being able to work at the same rate and pace, thereby losing hours of work, losing

jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has

been and will continue to be prevented or restricted from attending to her usual duties,

activities, and occupations, and has suffered and will continue to suffer into the future, a

loss of earnings and loss of future earning capacity, to her great financial detriment and

loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

53.    As a direct result of the negligence of defendants, plaintiff Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant, John Does, 1 through 100, individually, jointly, severally and/or in the alternative in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## FOURTH COUNT
### PLAINTIFF V. DEFENDANTS FIRST TRANSIT, INC.

54.    Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length

55.    At the time and place aforesaid, Defendant negligently, carelessly, and unlawfully caused her vehicle to hit the Plaintiff, causing the Plaintiff severe, serious, and permanent personal injuries and economic losses.

56.    At all times relevant hereto, the commercial vehicle driven by the Defendant was lawfully owned, leased, maintained repaired, inspected and/or possessed by Defendant, First Transit, Inc..

57.    Defendant Carl S Watts was employed, hired and/or contracted by Defendant First Transit, Inc. to provide transportation services on the date in question. Defendant, First Transit, Inc., acting individually and/or through its employees, agents, servants and/or contractors, Defendant Watts, and/or the other named Defendants acted

in a negligent, careless, and reckless manner, as more fully set forth herein above, resulting in severe and serious permanent injuries to the Plaintiff.

58.     Defendant, First Transit, Inc., is liable for the negligent conduct of its employees, agents, servants and/or contractors, as set forth in Count I.

59.     As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of the Defendant, First Transit, Inc., Plaintiff, was caused to suffer the damages set forth in this Complaint.

60.     At the aforesaid time and place, Defendant, Watts, and/or Defendant, First Transit, Inc., operated said commercial vehicle as the agent, servant and/or employee of Defendants listed in this Complaint, and with the express and/or implied permission of Defendants, and therefore his acts of negligence are imputed to Defendant.

61.     In addition to being liable under theories of *respondent superior*, vicarious liability and/or agency, Defendants Carl S. Watts and/or First Transit, Inc., at all times relevant and material hereto, hired and/or contracted with Defendant Watts and/or Defendants First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA to deliver and/or transport individuals in the course and scope of its business and in interstate commerce, despite the fact that Defendant knew or reasonably should have known that Defendant(s) Carl S. Watts, First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA was a negligent operator and/or inspector and/or was improperly trained, and/or unfit to operate the commercial vehicle at the time and place aforesaid.

62.     At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her

employer/principal. Defendant, First Transit, Inc. First Transit Bus Services Solutions Company, First Student, First Student, Inc., First Group, SEPTA, NJ Transit  FIRST STUDENT. INC., a/k/a FIRST GROUP AMERICA consisted of, inter alia, the following:

a)    operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury.

b)    failing to have her vehicle under proper and adequate control at the time and place aforesaid:

c)    acting, and/or failing to act  without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d)    failing to properly assess a dangerous condition;

e)    failing to contact emergency personnel in a timely fashion:

f)    negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g)    negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act.

h)    operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act.

I)    failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act.

j)    failing to keep a proper lookout to maintain safety to others;

k) negligence per se;

l) negligence at law;

m) failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o) failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act

p) negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to, 49 CFR Parts 300-399;

q) failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r) failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395.

s) failing to maintain proper safety lessons, teaching, coaching, instruction, education  guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey

t) such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

(a)     failed to have and/or failed to follow appropriate company policies and/or             procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors;

(b)     failed to properly and/or adequately oversee and/or train its employees;

agents, servants and/or contractors;

©     improperly retained, hired and/or contractually entered into an agreement             with its employees without properly reviewing, investigating and/or

insuring the ability professionalism, and/or work product of its employees; agents, servants, and/or contractors, and

(d)     inadequately supervised, cared for and/or exercised oversight in regard

to its employees, agents, servants and/or contractors.

63.     As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

64.     As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her

cervical spine, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future.

65.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

66.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses and in all likelihood, will continue to sustain these losses indefinitely into the future. Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and

loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

67.    As a direct result of the negligence of defendants, plaintiff, Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit Inc. First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant, John Does, 1 through 100, individually, jointly, severally and/or in the alternative, in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## FIFTH COUNT
## PLAINTIFF V. DEFENDANTS FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA

68.    Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.

69.    At the time and place aforesaid, Defendant negligently, carelessly, and unlawfully caused her vehicle to hit the Plaintiff, causing the Plaintiff severe, serious, and permanent personal injuries and economic losses.

70.    At all times relevant hereto, the commercial vehicle driven by the Defendant was lawfully owned, leased, maintained, repaired, inspected and/or possessed by Defendant, First Student, Inc., a/k/a First Group America.

71.    Defendant Carl S. Watts was employed, hired and/or contracted by Defendant First Student, Inc., a/k/a First Group America to provide transportation services on the date in question.

Defendant, First Student, Inc., a/k/a First Group America, acting individually and/or through

its employees, agents, servants and/or contractors. Defendant Watts, and/or the other named Defendants acted in a negligent, careless, and reckless manner, as more fully set forth herein above, resulting in severe and serious permanent injuries to the Plaintiff.

72.     Defendant, First Student, Inc a/k/a First Group America, is liable for the negligent conduct of its employees, agents, servants and/or contractors, as set forth in Count I.

73.     As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of the Defendant, First Student, Inc., a/k/a First Group America, Plaintiff, was caused to suffer the damages set forth in this Complaint.


74.     At the aforesaid time and place, Defendant, Watts, and/or Defendant, First Student, Inc., a/k/a First Group America operated said commercial vehicle as the agent, servant and/or employee of Defendants listed in this Complaint, and with the express and/or implied permission of Defendants, and therefore his acts of negligence are imputed to Defendant.

75.     In addition to being liable under theories of *respondent superior*, vicarious liability and/or agency, Defendants Carl S Watts and/or First Student, Inc a/k/a First Group America, at all times relevant and material hereto, hired and/or contracted with Defendant Watts and/or Defendants First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC a/k/a FIRST GROUP AMERICA to deliver and/or transport individuals in the course and scope of its business and in interstate commerce, despite the fact that Defendant knew or reasonably should have known that Defendant(s) Carl S. Watts, First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC, a/k/a FIRST GROUP AMERICA was a negligent operator and/or inspector and/or was improperly trained, and/or unfit to operate the

commercial vehicle at the time and place aforesaid

76.     At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her employer/principal, Defendant, First Student, Inc  a/k/a First Group America consisted of, inter alia, the following:

a)     operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury;

b)     failing to have her vehicle under proper and adequate control at the time and place aforesaid,

c)     acting, and/or failing to act  without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d)     failing to properly assess a dangerous condition;

e)     failing to contact emergency personnel in a timely fashion;

f)     negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g)     negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act;

h)     operating her vehicle for too long a period of time to safely operate said vehicle  in violation of the Federal Motor Vehicle Carrier Safety Act,

l)     failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier

Safety Act;

j)    failing to keep a proper lookout to maintain safety fo others;

k)    negligence per se.

l)    negligence at law.

m)    failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o)    failing to observe what was in front of him and to operate the vehicle in a safe manner. in violation of the Federal Motor Vehicle Carrier Safety Act;

p)    negligently. carelessly. and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act. including, but not limited to. 49 CFR Parts 300-399;

q)    failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r)    failing to take proper rest so as to be able to operate the vehicle in a safe manner. in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395.

s)    failing to maintain proper safety lessons. teaching. coaching, instruction education guidance and/or otherwise failing to learn, understand and obey the traffic safety rules within the FMCSRs and statutes of New Jersey.

t)    such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

    (a)    failed to have and/or failed to follow appropriate company policies and/or procedures in hiring, retaining and dismissal of its employees; agents, servants and/or contractors;

    (b)    failed to properly and/or adequately oversee and/or train its employees; agents, servants and/or contractors;

    ©    improperly retained, hired and/or contractually entered into an agreement with its employees without properly reviewing, investigating and/or insuring the ability, professionalism, and/or work product of its employees; agents, servants, and/or contractors; and

    (d)    inadequately supervised, cared for and/or exercised oversight in regard to its employees, agents, servants and/or contractors.

77.    As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

78.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body,

including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her cervical spine, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future.

79.     As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

80.     As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future. Plaintiff has lost income in the past by not being able to work at the same rate and pace thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties,

activities, and occupations. and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity. to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers. and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

81.     As a direct result of the negligence of defendants. plaintiff. Marianne. Podolski sustained other damages to which she is entitled.

WHEREFORE. Plaintiff demands judgment against the Defendants. First Transit, First Transit Bus Services Solutions Company. First Transit. Inc. First Student, Inc., First Group America. Southeastern Pennsylvania Transportation Authority. New Jersey Transit, Carl S. Watts and/or Defendant. John Does, 1 through 100. individually, jointly, severally and/or in the alternative. in an amount to be determined by the Court in accordance with the laws of the State of New Jersey. together with costs. interest, attorney's fees and other relief deemed appropriate by the Court.

### SIXTH COUNT
### PLAINTIFF V. DEFENDANTS SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

82.     Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.   SEPTA is a lead agency for defendants First Transit, First Transit Bus Services Solutions Company. First Transit, Inc., First Student, Inc., First Group America. New Jersey Transit, and/or Carl S Watts and thus their negligence is imputed to Defendant SEPTA.

83.     At the time and place aforesaid. Defendants SEPTA and the other named defendants negligently. carelessly and unlawfully caused her vehicle to hit the Plaintiff , causing the Plaintiff severe. serious. and permanent personal injuries and economic losses.

84.     At all times relevant hereto. the commercial vehicle driven by the Defendant

was lawfully owned. leased. maintained  repaired. inspected and/or possessed by Defendant, Southeastern Pennsylvania Transportation Authority.  SEPTA had contracted with defendants as a lead agency, and said defendants contract with SEPTA as a lead agency.  SEPTA hired and/or was hired by defendants as a lead contractor.

85.     Defendant Carl S. Watts was employed, hired and/or contracted by Defendant First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America. Southeastern Pennsylvania Transportation Authority, New Jersey Transit. Carl S Watts, to transport individuals on the date in question. At all times relevant hereto. the commercial vehicle driven by the Defendant was lawfully owned, leased. maintained. repaired. inspected and/or possessed  by Defendant, SEPTA

86.     Defendant Carl S. Watts was employed. hired and/or contracted by Defendant SEPTA to provide transportation services on the date in question.
Defendant, SEPTA, acting individually and/or through its employees, agents. servants and/or contractors. Defendant Watts. and/or First Transit, First Transit Bus Services Solutions Company. First Transit. Inc  First Student. Inc. First Group America, Southeastern Pennsylvania Transportation Authority. New Jersey Transit Carl S. Watts acted in a negligent, careless. and reckless manner. as more fully set forth herein above, resulting in severe and serious permanent injuries to the Plaintiff

87.     Defendant. SEPTA. is liable for the negligent conduct of its employees, agents, servants and/or contractors. as set forth in Count I.

88.     As a direct and proximate result of the aforesaid negligence. carelessness and/or recklessness of the Defendant. SEPTA, Plaintiff was caused to suffer the damages set forth in this Complaint.

89.     At the aforesaid time and place. Defendant. Watts. operated said

commercial vehicle as the agent, servant and/or employee of SEPTA, First Transit, First Transit Bus Services Solutions Company First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, and with the express and/or implied permission of Defendants, and therefore his acts of negligence are imputed to Defendant SEPTA.

90. In addition to being liable under theories of *respondent superior* vicarious liability and/or agency, SEPTA, at all times relevant and material hereto, hired and/or contracted with Defendant Watts and/or Defendants First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA, NJ Transit, First Transit, First Transit, Inc to deliver and/or transport individuals in the course and scope of its business and in interstate commerce, despite the fact that Defendant knew or reasonably should have known that Defendant(s) Carl S. Watts, First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA was a negligent operator and/or inspector and/or was improperly trained and/or unfit to operate the commercial vehicle at the time and place aforesaid

91. At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her employer/principal, Defendant, Southeastern Pennsylvania Transportation Authority consisted of, inter alia, the following

    a) operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury

b) failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c) acting, and/or failing to act without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d) failing to properly assess a dangerous condition;

e) failing to contact emergency personnel in a timely fashion;

f) negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g) negligently carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act.

h) operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act;

I) failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act.

j) failing to keep a proper lookout to maintain safety to others;

k) negligence per se.

l) negligence at law;

m) failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o) failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act

p)      negligently. carelessly. and recklessly disregarding and violating

the Federal Motor Vehicle Carrier Safety Act. including. but not

limited to. 49 CFR Parts 300-399;

q)      failing to take appropriate time between picking up and dropping

off individuals leading to no window to maintain on time delivery;

r)      failing to take proper rest so as to be able to operate the vehicle in

a safe manner. in violation of the Federal Motor Vehicle Carrier

Safety Act including but not limited to. 49 CFR Part 395:

s)      failing to maintain proper safety lessons. teaching. coaching,

instruction. education. guidance and/or otherwise failing to learn,

understand. and obey the traffic safety rules within the FMCSRs

and statutes of New Jersey.

t)      such other acts or failures to act which may constitute negligence,

carelessness and/or recklessness which may become apparent

during the course of discovery or at the trial of the cause

In addition to the items listed above. defendant negligently. carelessly and recklessly

failed to perform the following.

(a)     failed to have and/or failed to follow appropriate company policies

and/or                procedures in hiring. retaining and dismissal of its

employees; agents.

servants and/or contractors.

(b)     failed to properly and/or adequately oversee and/or train its

employees;

agents. servants and/or contractors:

©       improperly retained. hired and/or contractually entered into an

agreement                                  with its employees without properly reviewing, investigating

and/or

insuring the ability, professionalism, and/or work product of its

employees, agents, servants, and/or contractors, and

(d)      inadequately supervised, cared for and/or exercised oversight in

regard

to its employees, agents, servants and/or contractors.

92.      As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein

93.      As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her cervical spine, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier,

and other medical losses into the future and need for surgery into the future

94.    As a direct and proximate result of the negligence carelessness. recklessness and/or negligence per se. of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

95.    As a direct and proximate result of the negligence, carelessness. recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future  Plaintiff has lost income in the past by not being able to work at the same rate and pace thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies. who have or may assert liens against Plaintiff for the sums expended.

96.    As a direct result of the negligence of defendants, plaintiff Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. First Student, Inc., First Group America Southeastern Pennsylvania Transportation Authority, New

Jersey Transit, Carl S. Watts and/or Defendant, John Does, 1 through 100, individually, jointly, severally and/or in the alternative in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

SEVENTH COUNT
PLAINTIFF V. DEFENDANTS NEW JERSEY TRANSIT

97.     Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.

98.     New Jersey Transit is a lead agency for defendants First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, New Jersey Transit and/or Carl S. Watts and thus their negligence is imputed to Defendant New Jersey Transit.

99.     At the time and place aforesaid, Defendants New Jersey Transit and the other named defendants negligently, carelessly, and unlawfully caused her vehicle to hit the Plaintiff , causing the Plaintiff severe, serious and permanent personal injuries and economic losses.

100.    At all times relevant hereto, the commercial vehicle driven by the Defendant was lawfully owned, leased, maintained, repaired, inspected and/or possessed by Defendant, New Jersey Transit. New Jersey Transit had contracted with defendants First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, New Jersey Transit, and/or Carl S. Watts as a lead agency, and said defendants First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, New Jersey Transit, and/or Carl S. Watts contracted with New Jersey Transit as a lead agency. New Jersey Transit hired and/or was hired by defendants as a lead agency.

101.    Defendant Carl S Watts was employed, hired and/or contracted by

Defendants New Jersey Transit First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority Carl S. Watts, to transport individuals on the date in question. At all times relevant hereto the commercial vehicle driven by the Defendant was lawfully owned, leased, maintained, repaired, inspected and/or possessed by Defendant, New Jersey Transit.

102.     Defendant Carl S. Watts was employed, hired and/or contracted by Defendant SEPTA to provide transportation services on the date in question. Defendant, New Jersey Transit, acting individually and/or through its employees, agents, servants and/or contractors, Defendant Watts, and/or First Transit, First Transit Bus Services Solutions Company, First Transit Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts acted in a negligent, careless, and reckless manner, as more fully set forth herein above, resulting in severe and serious permanent injuries to the Plaintiff.

103.   Defendant, New Jersey Transit, is liable for the negligent conduct of its employees, agents, servants and/or contractors, as set forth in Count I

104.   As a direct and proximate result of the aforesaid negligence, carelessness and/or recklessness of the Defendant New Jersey Transit, Plaintiff was caused to suffer the damages set forth in this Complaint.

105.   At the aforesaid time and place Defendant, Watts, operated said commercial vehicle as the agent, servant and/or employee of New Jersey Transit, SEPTA, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America Southeastern Pennsylvania Transportation Authority, New Jersey Transit, and with the express and/or implied permission of Defendants, and

therefore his acts of negligence are imputed to Defendant New Jersey Transit

106.   In addition to being liable under theories of *respondent superior*, vicarious liability and/or agency, New Jersey Transit, at all times relevant and material hereto, hired and/or contracted with Defendant Watts and/or Defendants First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA, NJ Transit, First Transit, First Transit, Inc. to deliver and/or transport individuals in the course and scope of its business and in interstate commerce, despite the fact that Defendant knew or reasonably should have known that Defendant(s) Carl S. Watts, First Student, First Student, Inc., First Group, SEPTA, NJ Transit, FIRST STUDENT, INC., a/k/a FIRST GROUP AMERICA was a negligent operator and/or inspector and/or was improperly trained, and/or unfit to operate the commercial vehicle at the time and place aforesaid.

107.   At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her employer/principal, Defendant New Jersey Transit consisted of, inter alia the following:

a)   operating her vehicle in a negligent, careless and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury

b)   failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c)   acting and/or failing to act without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d)   failing to properly assess a dangerous condition;

e) failing to contact emergency personnel in a timely fashion;

f) negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g) negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act;

h) operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act;

l) failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

j) failing to keep a proper lookout to maintain safety fo others;

k) negligence per se;

l) negligence at law.

m) failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o) failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act

p) negligently carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to 49 CFR Parts 300-399;

q) failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r) failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395;

s) failing to maintain proper safety lessons, teaching, coaching, instruction, education, guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey;

t) such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

(a) failed to have and/or failed to follow appropriate company policies and/or procedures in hiring, retaining and dismissal of its employees; agents, servants and/or contractors;

(b) failed to properly and/or adequately oversee and/or train its employees; agents, servants and/or contractors;

© improperly retained, hired and/or contractually entered into an agreement with its employees without properly reviewing, investigating and/or insuring the ability, professionalism, and/or work product of its employees; agents, servants, and/or contractors; and

(d) inadequately supervised, cared for and/or exercised oversight in

regard

to its employees, agents, servants and/or contractors.

108.   As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein

109.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head  nerve damage to her arms and legs, surgery to her cervical spine, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein  Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future.  Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future.

110.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of

earnings and loss of future earning capacity, to her great financial detriment and loss.

111.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future.  Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

112.    As a direct result of the negligence of defendants, plaintiff, Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff  demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc.  First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant  John Does, 1 through 100, individually, jointly, severally and/or in the alternative  in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## EIGHTH COUNT
## PLAINTIFF V. DEFENDANT CARL S. WATTS

113.    Plaintiff incorporates by reference herein the allegations contained above as though the same were more fully set forth at length.

114.    At the aforesaid time and place, the Defendant, CARL S. WATTS, was the operator of a commercial vehicle/transport van/transport bus and/or commercial vehicle and which commercial vehicle/transport van/transport bus/commercial truck and/or bus and/or van and/or bus and/or van/vehicle was being operated on the 4100 Block of Brigantine Boulevard, City of Brigantine, Atlantic County and State of New Jersey.

115.    At all relevant times herein, upon information and belief, the defendants First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit was a corporation and entity who owned, leased, maintained, controlled, repaired, and otherwise were responsible for the use of the commercial vehicle/transport van/transport bus/vehicle driven by the defendant, CARL S. WATTS at the time of the accident, and/or were her employer and/or other principal or entity for whom CARL S. WATTS was furthering interest at the time the accident occurred.

116.    At all relevant times herein, defendants who are corporations, entities or individuals whose identities are unknown at the present but who were the employers and/or principals of defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit and/or CARL S. WATTS or owner/lessor of the vehicle, and/or maintained, and/or repaired the commercial vehicle/transport van/transport bus/commercial truck and/or bus and/or van and/or bus

and/or van of the defendants. First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit and/or CARL S. WATTS.

117.    At the aforesaid time and place, upon information and belief, the Defendant, CARL S. WATTS, was operating her vehicle as an agent, servant and employee and/or otherwise furthering the interest of the defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit with the express and/or implied permission of said defendant and therefore her acts of negligence are imputed to defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit

118.    At the aforesaid time and place, the defendant, CARL S. WATTS, was operating her vehicle as an agent, servant and/or employee of the defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey with the express and/or implied permission of the Defendants, and therefore her acts of negligence are imputed to the Defendants.

119.    At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendant Carl S. Watts individually and on behalf her employer/principal, consisted of, inter alia  the following:

         a)        operating her vehicle in a negligent, careless  and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to

cause an accident or injury.

b)   failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c)   acting, and/or failing to act without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d)   failing to properly assess a dangerous condition;

e)   failing to contact emergency personnel in a timely fashion;

f)   negligently, carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g)   negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act;

h)   operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act;

I)   failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

j)   failing to keep a proper lookout to maintain safety fo others;

k)   negligence per se.

l)   negligence at law.

m)   failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

o)   failing to observe what was in front of him and to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle

Carrier Safety Act.

p)   negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to, 49 CFR Parts 300-399;

q)   failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r)   failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395;

s)   failing to maintain proper safety lessons, teaching, coaching, instruction, education  guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey

t)   such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendant negligently, carelessly and recklessly failed to perform the following:

(a)   failed to have and/or failed to follow appropriate company policies and/or                    procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors;

(b)   failed to properly and/or adequately oversee and/or train its employees;

agents, servants and/or contractors;

© improperly retained. hired and/or contractually entered into an

agreement with its employees without properly reviewing, investigating and/or

insuring the ability. professionalism, and/or work product of its employees; agents, servants, and/or contractors, and

(d) inadequately supervised cared for and/or exercised oversight in regard.

to its employees, agents, servants and/or contractors.

At the time and place aforesaid. Defendant negligently, carelessly, and unlawfully caused its employee and driver Carl S Watts to allow her vehicle to hit the Plaintiff, causing the Plaintiff severe, serious, and permanent personal injuries and economic losses.

120. At all times relevant hereto, the commercial vehicle/van/bus was driven by the Defendant was lawfully owned, leased, maintained, repaired inspected and/or possessed by Defendant. First Transit.

121. Defendant Carl S. Watts was employed, hired and/or contracted by Defendant First Transit to provide transportation services to individuals and/or the public on the date in question. Defendant First Transit negligently, wrongfully and otherwise hired, trained, maintained, instructed, employed, retained and/or allowed Defendant Carl S. Watts to use and operate the Defendant's vehicle/van. At all relevant times Defendant Carl S. Watts was acting in the course and scope of employment and/or agency with Defendant First Transit.

122. At the aforesaid time and place the Defendants First Transit, First Transit Bus Services Solutions Company. First Transit Inc., First Student Inc., First

Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit and/or negligently entrusted the afore described commercial vehicle/transport van/transport bus to the defendant CARL S. WATTS.

123.    At the aforesaid time and place, the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, and/or negligently maintained the afore described commercial vehicle/transport van/transport bus to the defendant CARL S. WATTS. Such negligence caused injury to plaintiff.

124.    At the aforesaid time and place, the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit and/or negligently trained, supervised, and oversaw the defendant CARL S. WATTS. Such negligence caused injury to plaintiff.

125.    As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

126.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her cervical spine, mental distress, anxiety, and depression and numerous other ailments

and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future. Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance, co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future.

127.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se, of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

128.   As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendant, Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses, and in all likelihood will continue to sustain these losses indefinitely into the future. Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future. Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations, and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation

insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

129.    As a direct result of the negligence of defendants, plaintiff, Marianne Podolski sustained other damages to which she is entitled.

WHEREFORE, Plaintiff demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant, John Does, 1 through 100, individually, jointly, severally and/or in the alternative in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## NINTH COUNT
## PUNITIVE DAMAGES
## PLAINTIFFS VS. ALL DEFENDANTS

130.    Plaintiffs incorporate by reference herein the allegations contained above as though the same were more fully set forth at length.

131.    At all times relevant hereto, the Defendants, individually, jointly and/or severally, and in violation of New Jersey Motor Vehicle Statutes and New Jersey Law, Pennsylvania Motor Vehicle Law and Federal Motor Safety Standards, acted wilfully, wantonly and in reckless disregard for the safety of Plaintiff and those similarly situated to Plaintiff.

132.    The Defendants actions were actuated by actual malice and/or they were accompanied by a wanton and willful disregard of persons who foreseeable might be harmed by their actions and inactions.

133.    As a direct and proximate result thereof, the Defendants caused their

commercial van to proceed in a manner which resulted in severe and substantial injuries to Plaintiffs, having selected a driver and van that were incompetent, ill-equipped, unsafe, in a state of disrepair, improper for its intended purpose, to large for the roadways, dangerous in its condition of its mirrors, which are described elsewhere in the Complaint and are hereby incorporated by reference, such that an injury was likely to occur and persons situated in proximity, such as plaintiff, were likely to be injured.

WHEREFORE, Plaintiff demands judgment against the Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc., First Student, Inc., First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or Defendant, John Does, 1 through 100, individually, jointly, severally and/or in the alternative, in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

## TENTH COUNT

### (SPOLIATION OF EVIDENCE)

### MARIANNE PODOLSKI vs. ALL DEFENDANTS

134.    Plaintiffs incorporates by reference herein the allegations contained above

as though the same were more fully set forth at length.

135.    Following the events of June 18, 2013 the Defendants knew or reasonably should have known that they possessed important items of evidence which they each, jointly, severally and individually had a duty to preserve, including but not limited to log books, employee files, agreements, contracts, the van in question, the mirror in question.

136.    The Defendants were negligent, careless and did not use due care in

attempting to preserve the evidence and their negligence and carelessness consists of but is not limited to. the following:

a)  failing to properly store the mirror and van and documentation;

b)  failing to store the documentation, van, and mirror where it would not be

unduly subjected to the elements and faster deterioration;

c)  failing to maintain the materials as noted above in a place and location where said evidence was not tampered with. altered, destroyed and/or otherwise changed;

d)  failing to properly supervise the handling and transportation of evidence to ensure that it was being maintained in a stable condition.

137.  As a direct and proximate result of the negligence. carelessness, recklessness and/or negligence per se of the Defendants. Plaintiffs have been severely prejudiced in the prosecution of their claim

**WHEREFORE.** Plaintiff demands judgment against the Defendants. First Transit, First Transit Bus Services Solutions Company. First Transit. Inc. First Student, Inc., First Group America. Southeastern Pennsylvania Transportation Authority. New Jersey Transit, Carl S. Watts and/or Defendant John Does. 1 through 100. individually, jointly, severally and/or in the alternative. in an amount to be determined by the Court in accordance with the laws of the State of New Jersey. together with costs. interest. attorney's fees and other relief deemed appropriate by the Court.

## ELEVENTH COUNT

## PLAINTIFF vs. ALL DEFENDANTS AND JOHN DOES 1 THROUGH 100

138.     Plaintiffs incorporate by reference herein the allegations contained above as though the same were more fully set forth at length.

139.     Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. a/k/a First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or and John Does, 1 through 100, individually jointly and/or severally, acting through their employees, agents, servants and/or contractors, acted in a negligent, careless and reckless manner, as more fully set forth hereinabove, resulting in severe and serious permanent injuries to plaintiff.

140.     At the time and place aforesaid, the negligence, carelessness and/or recklessness of Defendants, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. a/k/a First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S Watts and/or John Does, 1 through 100, acting individually and on behalf other Defendants   consisted of, inter alia, the following:

a)     operating her vehicle in a negligent, careless, and reckless manner and/or allowing, directing, instructing, employing, coaching, teaching, guiding, training and/or otherwise letting Defendant Watts to operate said vehicle in a manner such as to cause an accident or injury;

b)     failing to have her vehicle under proper and adequate control at the time and place aforesaid;

c)     acting and/or failing to act without due regard for the rights, safety, and position of the Plaintiff at the time and place aforesaid;

d)     failing to properly assess a dangerous condition;

e)     failing to contact emergency personnel in a timely fashion;

f)     negligently carelessly, and recklessly violating the various statutes of the Commonwealth of Pennsylvania;

g)   negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act;

h)   operating her vehicle for too long a period of time to safely operate said vehicle, in violation of the Federal Motor Vehicle Carrier Safety Act;

I)   failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act;

j)   failing to keep a proper lookout to maintain safety fo others;

k)   negligence per se;

l)   negligence at law;

m)   failing to take reduce speed or maintain proper speed and control so as to be able to operate the vehicle in a safe manner in violation of the Federal Motor Vehicle Carrier Safety Act;

o)   failing to observe what was in front of him and to operate the vehicle in a safe manner in violation of the Federal Motor Vehicle Carrier Safety Act;

p)   negligently, carelessly, and recklessly disregarding and violating the Federal Motor Vehicle Carrier Safety Act, including, but not limited to, 49 CFR Parts 300-399;

q)   failing to take appropriate time between picking up and dropping off individuals leading to no window to maintain on time delivery;

r)   failing to take proper rest so as to be able to operate the vehicle in a safe manner, in violation of the Federal Motor Vehicle Carrier Safety Act including but not limited to, 49 CFR Part 395.

s)      failing to maintain proper safety lessons, teaching, coaching, instruction, education, guidance and/or otherwise failing to learn, understand, and obey the traffic safety rules within the FMCSRs and statutes of New Jersey;

t)      such other acts or failures to act which may constitute negligence, carelessness and/or recklessness which may become apparent during the course of discovery or at the trial of the cause.

In addition to the items listed above, defendants negligently, carelessly and recklessly failed to perform the following:

(a)      failed to have and/or failed to follow appropriate company policies and/or procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors;

(b)      failed to properly and/or adequately oversee and/or train its employees;

agents, servants and/or contractors;

©      improperly retained, hired and/or contractually entered into an agreement with its employees without properly reviewing, investigating and/or insuring the ability, professionalism, and/or work product of its employees; agents,

Servants, and/or contractors; and

(d)      inadequately supervised, cared for and/or exercised oversight in regard to its employees, agents, servants and/or contractors.

141.      At the time and place aforesaid, the negligence carelessness and/or

recklessness

of the Defendants. First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. a/k/a First Group America. Southeastern Pennsylvania Transportation Authority, New Jersey Transit. Carl S. Watts and/or John Does. 1 through 100 included, but was not limited to, the following:

a) failing to properly select its drivers;

b) failing to properly train and supervise its drivers and/or to ensure that all of its drivers were properly trained;

c) failing to require drivers to comply with the requirements of the Federal Motor Vehicle Safety Transportation Act;

d) failing to provide its drivers with adequate safety training;

e) failing to inspect. maintain and repair its trucks and/or failing to properly ascertain that the vehicles being used were properly inspected. maintained and repaired;

f) providing and/or allowing a truck to be used by its driver that it knew or should have known was in need of repair;

g) failing to investigate its drivers' backgrounds. including driving record. prior to hiring them

h) failing to ensure brake lines. brakes and tires were in good working condition and appropriate for transport of subject goods.

i) failing to ensure that the driver was equipped with adequate safety equipment to protect the public from the bus mirrors;

j) failing to ensure that driver was properly trained. educated and/or informed about the potentially dangerous instrument the mirrors on the sides of the truck present to the public.

k) violating the various statues of the State of New Jersey;

l) violating the Federal Motor Vehicle Safety Transportation Act;

m) negligence at law; and

n) such other acts or failures to act which may constitute negligence, carelessness and/or recklessness, as may become apparent during the course of discovery or the trial of this cause.

142.    In addition to the items listed above, First Transit, First Transit Bus Services Solutions Company, First Transit, Inc. a/k/a First Group America, Southeastern Pennsylvania Transportation Authority, New Jersey Transit, Carl S. Watts and/or John Does, 1 through 100, negligently, carelessly and recklessly failed to perform the following:

(a) failed to have and/or failed to follow appropriate company policies and/or                          procedures in hiring, retaining and dismissal of its employees; agents,

servants and/or contractors;

(b) failed to properly and/or adequately oversee and/or train its employees;

agents, servants and/or contractors;

(c) improperly retained, hired and/or contractually entered into an agreement                          with its employees without properly reviewing, investigating and/or insuring                          the ability, professionalism, and/or work product of its employees; agents

Servants, and/or contractors; and

(d) inadequately supervised, cared for and/or exercised oversight in regard to                          its employees, agents, servants and/or contractors.

143.    At all times herein, Defendants, John Does, 1 through 100, are fictitiously

named

Defendants who are corporations, entities or individuals whose identities are unknown at present, but who owned, manufactured, leased, maintained, inspected, packed, tested, operated, possessed, directed, drove, entrusted, repaired, serviced, supervised, controlled and/or had any other responsibility for the tractor, trailer, mirror, van, bus, or other instrument which was involved in the incident described herein.

144.    As a direct and proximate result of the aforesaid negligence, negligence per se, carelessness and/or recklessness of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein.

145.    As a direct and proximate result of the negligence, carelessness, recklessness and/or negligence per se of the Defendants, individually and/or through their agents, Plaintiff, was caused to suffer severe and permanent injuries to her body, including, but not limited to, severe brain trauma, spinal injuries to her neck and back, injuries to her shoulders and head, nerve damage to her arms and legs, surgery to her cervical spine, mental distress, anxiety, and depression and numerous other ailments and injuries and will continue to suffer for an indefinite period of time into the future, which injuries are permanent in nature and caused by the Defendants herein. Plaintiff has been compelled, in order to attempt treatment of her aforesaid injuries, to incur medical expenses and will be required to expend such sums of money for an indefinite period of time into the future.  Plaintiff had limited automobile insurance and has had to spend great sums on her own health insurance  co-pay, deductibles, out of pocket expenses, liens against any recovery by her private health carrier and/or PIP carrier, and other medical losses into the future and need for surgery into the future

146.   As a direct and proximate result of the negligence carelessness, recklessness and/or negligence per se. of the Defendants, Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations. and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss.

147.   As a direct and proximate result of the negligence. carelessness, recklessness and/or negligence per se of the Defendant. Plaintiff, has experienced great pain and suffering, humiliation, embarrassment, a loss of the enjoyment of life's pleasures, and numerous other damages and losses. and in all likelihood, will continue to sustain these losses indefinitely into the future.  Plaintiff has lost income in the past by not being able to work at the same rate and pace, thereby losing hours of work, losing jobs and profits, losing opportunity both past, present and into the future.  Plaintiff, has been and will continue to be prevented or restricted from attending to her usual duties, activities, and occupations. and has suffered and will continue to suffer into the future, a loss of earnings and loss of future earning capacity, to her great financial detriment and loss, and some or all of the wage loss may have been paid by workers' compensation insurance carriers, and/or disability insurance companies, who have or may assert liens against Plaintiff for the sums expended.

148.   As a direct result of the negligence of defendants, plaintiff, Marianne Podolski sustained other damages to which she is entitled.

**WHEREFORE**, Plaintiff demands judgment against the Defendants. First Transit, First Transit Bus Services Solutions Company. First Transit Inc.. First Student, Inc., First Group America. Southeastern Pennsylvania Transportation Authority. New Jersey Transit. Carl S. Watts and/or Defendant John Does. 1 through 100. individually,

jointly, severally and/or in the alternative in an amount to be determined by the Court in accordance with the laws of the State of New Jersey, together with costs, interest, attorney's fees and other relief deemed appropriate by the Court.

LAW OFFICES OF VINCENT J. CIECKA, P.C.

BY _____
Michael J. Dennin, Esquire
Attorney for Plaintiff

Dated:      June 16, 2015

## JURY DEMAND

Plaintiff demands a trial by jury as to all factual issues.

VINCENT J. CIECKA, P.C.

Attorneys for Plaintiff(s)

_____
Michael J. Dennin, Esquire

Dated:      June 16, 2015

## NOTICE PURSUANT TO THE RULES

**TAKE NOTICE** that the undersigned attorney, counsel for the Plaintiff, hereby demands pursuant to Rules 1:5-1(a) and 4:17-4C that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answers to interrogatories received from any party upon the undersigned attorney and TAKE NOTICE that this is a continuing demand. Demand for Form B, C and C(1) Interrogatories is now made on Defendants.

VINCENT J. CIECKA, P.C.

Attorneys for Plaintiff(s)

_____
Michael J. Dennin, Esquire

Dated:        June 16, 2015

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4 of the Rules of Civil Practice, that Michael J. Dennin, Esquire, is hereby designated as Trial Counsel in this action on behalf of the Plaintiffs.

VINCENT J. CIECKA, P.C.

Attorneys for Plaintiff(s)

Michael J. Dennin, Esquire

Dated:        June 16, 2015

## CERTIFICATION

I, MICHAEL J. DENNIN, of full age, hereby certify that:

Pursuant to Rule 4:5-l, to the best of my knowledge, information and belief at this time, the matter in controversy is not the subject matter of any other action pending in any Superior Court nor of any pending arbitration proceeding. I further certify that no other action or arbitration is contemplated and further there are no other parties who should be joined in this action.

a)       Plaintiffs reserve the right to file an action with Forthright for payment of no-fault benefits, pursuant to the terms of their automobile insurance policy, if applicable.

VINCENT J. CIECKA, P.C.

Attorneys for Plaintiff(s)

Michael J. Dennin, Esquire

Dated: June 16, 2015