**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**
BY:  JUSTIN A. BAYER, ESQUIRE                                     Attorney for Defendants
ATTORNEY I.D. NO.  032722004
510 Swede Street
Norristown, PA 19401
(610) 275-2000

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIANNE PODOLSKI | : | NO. 1:17-cv-7045 |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| FIRST TRANSIT, INC., FIRST TRANSIT BUS | : | |
| SERVICES SOLUTIONS COMPANY, | : | |
| PENDENTE LITE, ADMINISTRATOR OF THE | : | |
| ESTATE OF PENDENTE LITE, THERESA D. | : | |
| WATTS, ESQUIRE, ADMINISTRATOR FOR | : | |
| THE ESTATE OF CARL S. WATTS, DEC'D | : | |
| AND JOHN DOES 1-10 AND JACK DOES 1-10 | : | |
| (fictitious named defendants, individually, jointly, | : | |
| Severally, or in the alternative) | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.    QUESTIONS PRESENTED**

1. Should Plaintiff's claims against all Defendants other than First Transit, Inc. be dismissed where Defendants have admitted that the bus operator, Watts, was acting in the course and scope of his employment with First Transit, Inc. and where Plaintiff's own experts have offered no opinions as to the liability of any Defendants other than Watts and First Transit, Inc.?

    Suggested Answer: Yes

2. Should Plaintiff's claims against Theresa D. Watts, Esquire, Administrator of the Estate of Carl Watts, Deceased, be dismissed, where she is merely a nominal defendant, against whom Plaintiff can recover no further damages?

    Suggested Answer: Yes

3. Should Plaintiff's claims against New Jersey Transit be dismissed where Plaintiff has failed to provide notice of her claim within ninety days as required by New Jersey law?

  Suggested Answer: Yes

4. Should Plaintiff's claims against Southeastern Pennsylvania Transportation Authority ("SEPTA") be dismissed, where Plaintiff has already stipulated to the dismissal thereof?

  Suggested Answer: Yes

5. Should Plaintiff's claim for punitive damages be dismissed where she has failed to assert facts that would support an award of such damages?

  Suggested Answer: Yes

6. Should Plaintiff's claim for spoliation of evidence be dismissed where no such independent cause of action exists under applicable law?

  Suggested Answer: Yes

## II. STATEMENT OF FACTS

### A. The State Court Action

This lawsuit arises out of a motor vehicle accident that occurred on June 18, 2013. On that date, Plaintiff parked on Brigantine Boulevard in Brigantine, New Jersey, was exiting the driver's side of her vehicle, and was struck by the passenger side mirror of a First Transit mini bus operated by now-deceased operator, Carl Watts ("Watts").

On or about June 16, 2015, Plaintiff filed a Complaint for personal injuries in the Superior Court of New Jersey, Camden County, Law Division. See original Complaint, a true and correct copy of which is attached hereto as Exhibit "A." Plaintiff asserted claims for negligence against various party-defendants, including, *inter alia,* New Jersey Transit, SEPTA, and Watts. On March 30, 2016, Defendants, with leave of Court, filed an Amended Answer, Request for Damages, Demand for Interrogatories and Jury Demand, a true and correct copy of which is attached as Exhibit "B." In their Answer, Defendants admitted that on the date of the

accident, Watts was an employee of First Transit, Inc. acting in the course and scope of his employment. See Ex. B at ¶¶ 11, 17-18, 24, 56-58, 60-62, 101-103, 105-107, 114-118, 120-124.

On or about May 5, 2016, counsel for Plaintiff entered into a stipulation with counsel for SEPTA and undersigned counsel for Moving Defendants to dismiss all claims against SEPTA. See May 5, 2016 Stipulation, a true and correct copy of which is attached hereto as Exhibit "C."

Plaintiff produced expert reports on June 19, 2017 and additional reports beyond the discovery end date on August 25, 2017, including the report of Anthony W. Griffith WSO-CSSD, a true and correct copy of which is attached as Exhibit "D"; the report of Stephen Motyczka, a true and correct copy of which is attached as Exhibit "E"; and the supplemental report of Stephen Motyczka, a true and correct copy of which is attached as Exhibit "F." Plaintiff's experts criticize the actions of Watts, the driver-employee of First Transit, Inc., and First Transit, Inc.

### B. The Federal Action

Watts passed away on August 18, 2017. On September 6, 2017, Defendants filed a Suggestion of Death regarding Watts, one day after learning of his passing. See Suggestion of Death attached hereto as Exhibit "G." Watts had been the only defendant who precluded complete diversity among the parties; therefore, his death resulted in complete diversity among the remaining, properly-joined parties. See *Rogan Equities, Inc. v. Santini*, 289 N.J. Super. 95, 99, 672 A.2d 1281, 1283 (Super. Ct. App. Div. 1996) (citing N.J. Rule 4:34-1) ("[A] final judgment cannot be entered against a decedent[.]"). Accordingly, on or about September 13, 2017, Defendants filed a Notice of Removal with this Honorable Court. See Notice of Removal, ECF No. 1.

On or about October 30, 2017, Theresa Watts, Esq. was appointed Administrator of Watts' estate. See Certification of Atlantic County Surrogate's Court, a true and correct copy of which is attached hereto as Exhibit "H."

On November 7, 2017, Plaintiff filed a Motion to Remand the instant case back to the Superior Court of New Jersey. See Pl.'s Mot. to Remand, ECF No. 7. On November 20, 2017, Defendants filed their response to Plaintiff's Motion to Remand, in which they argued, *inter alia*, that because Watts had passed away, and no administrator of Watts' estate had yet been substituted as a party to this action, diversity still existed among the parties and jurisdiction was still proper. Defs.' Resp. to Pl.'s Mot. to Remand 5-6, ECF No. 9. On November 22, 2017, Plaintiff filed a Motion to Substitute Party, requesting that Theresa Watts, Esq., as administrator of Watts' estate, be substituted for Watts as a defendant. See Pl.'s Mot. to Substitute Party, ECF No. 10.

On December 4, 2017, this Honorable Court entered an Order granting Plaintiff leave to amend her Complaint to substitute Theresa D. Watts, Esquire, Administrator of the Estate of Carl Watts, Deceased, for defendant Carl Watts. See Order granting Pl.'s Mot. to Substitute Party, ECF No. 13. On December 11, 2017, Plaintiff filed her Amended Complaint, see Am. Compl., ECF Nos. 14-16, and subsequently filed another "Amended Complaint" on December 14, 2017. See ECF No. 17. Rather than simply amending the Complaint to substitute Theresa D. Watts, Esquire, Administrator of the Estate of Carl Watts, Deceased, Plaintiff filed an Amended Complaint naming the following defendants:

- First Transit, Inc.,
- First Transit Bus Services Solutions Company,
- "Pendente Lite, Administrator of the Estate of Pendente Lite, Theresa D. Watts, Esquire, Administrator for the Estate of Carl S. Watts, Dec'd," and

- John Does 1-10 and Jack Does 1-10 (fictitious named defendants, individually, jointly, severally, or in the alternative).

See Amended Compl. at caption, ECF Nos. 14-17. Additionally, the body of the Amended Complaint contains allegations of negligence against a host of additional entities (not all of which appear in the caption), including First Transit Bus Services Solutions Company, First Student, Inc. a/k/a First Group America, New Jersey Transit and SEPTA. See generally Am. Compl., ECF No. 17 at Second Count, Fourth Count and Fifth Count.

### III.  LEGAL ARGUMENTS

#### A.  Defendants' Admissions and Plaintiff's Own Expert Witnesses as to Liability Confirm that the Only Possibly Liable Parties are First Transit, Inc. and the Estate of Watts.

Defendants have already admitted, in state court pleadings filed prior to removal to this Honorable Court, that on the date of the accident, Watts was an employee of First Transit, Inc. acting in the course and scope of his employment. See Ex. B at ¶¶ 11, 17-18, 24, 56-58, 60-62, 101-103, 105-107, 114-118, 120-124. Furthermore, and notwithstanding Defendants' own admissions, the entirety of the evidence adduced in discovery, *including Plaintiff's own expert reports*, confirms that Watts operated the vehicle at the time of the collision, and that he was acting in the scope and course of his employment with First Transit, Inc. See, *e.g.* Plaintiff's expert reports, Ex. D, E and F. Notably, neither of Plaintiff's two experts concerning liability in this matter express any opinions critical of any persons or entities other than First Transit, Inc. and Watts. See generally Ex. D, E and F. Neither Griffith nor Motyczka have reported any conclusions as to liability with respect to New Jersey Transit, SEPTA, First Student Inc., First Group America, or First Transit Bus Services Solutions Company; rather, their conclusions as to liability are critical only of the acts and/or omissions of First Transit, Inc. and Watts. Plaintiff has not adduced any evidence that could support a finding of liability against any person or entity

other than First Transit, Inc. and Watts. Accordingly, Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims as to all named entities other than First Transit, Inc.[3]

### B. Plaintiff's Claims against the Estate of Watts Should Be Dismissed Because It is a Merely Nominal Party From Whom Plaintiff May Recover No Damages.

Plaintiff's claims against the Estate of Watts must be dismissed as it is an unnecessary and merely nominal party against whom Plaintiff can recover no additional damages.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Federal courts have invoked Rule 21 to dismiss a plaintiff's claims against a merely "nominal party" and thereby retain diversity jurisdiction. See *Linnin v. Michielsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005). Moreover, this Court has previously stated that "a party who is 'neither necessary nor indispensable to join in the action' under Federal Rule of Civil Procedure 19 is a nominal party." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (quoting *Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc.*, 254 F. Supp. 2d 521, 524-25 (M.D. Pa. 2003).

Here, Defendants have already admitted that on the date of the accident, Watts was an employee of First Transit, Inc. acting in the course and scope of his employment. See Ex. B at ¶¶ 11, 17-18, 24, 56-58, 60-62, 101-103, 105-107, 114-118, 120-124. Therefore, if any finding of liability is made as to Watts as the vehicle's operator, the doctrine of *respondeat superior* will operate to impute that liability onto First Transit, Inc. Accordingly, the absence of the Watts Estate as a party defendant does not limit Plaintiff's ability to recover any damages. The Estate of Watts is nothing more than a nominal party who has been joined solely to defeat diversity jurisdiction. Additionally, Plaintiff's own expert reports all confirm that Watts was an employee acting in the course and scope of his employment for First Transit, Inc. See, *e.g.*, Griffith Report,

---

[3] Additional reasons supporting the dismissal of claims against the newly-substituted administrator for the Watts estate are provided *infra*.

00209810.1    6

Ex. D at 15; Motyczka Report, Ex. E at 11. Defendants therefore respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's claims as to the Estate of Carl S. Watts.

### C. Plaintiff's Claims Against New Jersey Transit are Barred by her Failure to Provide Notice of Her Claim Within Ninety Days in Compliance with New Jersey Law.

Plaintiff's claims against New Jersey Transit (to the extent that Plaintiff intended to assert such claims in her Amended Complaint) must be dismissed because she failed to timely provide New Jersey Transit with proper notice of her claim under New Jersey Law.

Plaintiff commenced this action in the Superior Court of New Jersey. See Ex. A. Under New Jersey law, a plaintiff may not bring suit against a public entity or public employee unless the plaintiff presented the public entity or public employee with a pre-suit notification of the claim. N.J.S.A. 59:8–3. Such notice must be in writing. *Velez v. City of Jersey City*, 358 N.J.Super. 224, 238 (App.Div.2003), *aff'd*, 180 N.J. 284 (2004). The written notice must be served upon the entity no later than ninety days after the accrual of the cause of action. N.J.S.A. 59:8–8.

Here, Plaintiff's ostensible claims against New Jersey Transit accrued when the accident occurred, on June 18, 2013. Yet, she has produced no evidence that New Jersey Transit was ever properly put on notice of the claims within ninety days. In fact, much to the contrary, New Jersey Transit was first provided notice of the claims when it was served with the Complaint in July of 2015, more than two years after the collision. See New Jersey Transit intake form dated July 10, 2015 attached hereto as Exhibit "I." Because Plaintiff has failed to comply with this procedural requirement, Defendants respectfully request that her claims against New Jersey Transit be dismissed.

**D.     Plaintiff's Claims against SEPTA are Barred by Prior Stipulation.**

Alternatively, and notwithstanding the foregoing, Plaintiff's claims against SEPTA are barred by the Stipulation among all counsel dismissing SEPTA from the state court action over nineteen months ago. See Ex. C.

Rule 41 of the Federal Rules of Civil Procedure authorizes a Plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." F.R.Civ.P. 41(a)(1). Here, all counsel signed a Stipulation on May 5, 2016, pursuant to which Plaintiff voluntarily agreed to dismiss "all claims" against SEPTA. See Ex. C. That dismissal was stipulated without prejudice, subject to certain conditions set forth in the Stipulation; however, each condition related only to the co-defendants' right to assert crossclaims against SEPTA, and none reserved any right of Plaintiff to re-assert her claims against SEPTA. *Id.* Accordingly, SEPTA has been dismissed from this case and Plaintiff's instant claims as to SEPTA should be dismissed.

**E.     Plaintiff's Claims for Punitive Damages Should be Dismissed Because She Has Failed to Assert Facts That Would Support Such an Award.**

Plaintiff has asserted a separate count in her Amended Complaint seeking punitive damages. See Am. Compl., ECF no. 17, at Seventh Count. However, Plaintiff has failed to assert facts that, even if true, would support an award of punitive damages.

"In diversity actions, based upon state causes of actions, state law applies when discerning the appropriateness of punitive damages." *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 755 (E.D. Pa. 2007) (citing *Griffiths v. CIGNA Corp.*, 857 F. Supp. 399, 409-10 (E.D. Pa. 1994), aff'd, 60 F.3d 814 (3d Cir. 1995)). With respect to punitive damages, the New Jersey Superior Court has held:

> To warrant a punitive damage award, there must be an intentional wrongdoing in the sense of an evil-minded act. Alternatively,

> punitive damages may be warranted where the defendant's conduct arises from an act accompanied by a willful and wanton disregard of the rights of others. *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, 97 N.J. 37, 49 (1984); *DiGiovanni v. Pessel*, 55 N.J. 188, 190 (1970); *Berg v. Reaction Motors Div.*, 37 N.J. 396, 414 (1962). But this alternative basis for punitive damages must be something more than mere commission of a tort. There must be such a conscious and deliberate disregard for the safety of others that the defendant's conduct may be called willful or wanton. *Nappe*, 97 N.J. at 50; *DiGiovanni*, 55 N.J. at 190. Punitive damages have been characterized as "intentionally inflicting harm or acting in such a gross, wanton way, such a terrible way, so recklessly in disregard of what might happen to someone." *Fischer v. Johns-Manville*, 103 N.J. 643, 671 (1986). See also *Enright v. Lubow*, 202 N.J. Super. 58, 76 (App.Div.1985).

*McMahon v. Chryssikos*, 218 N.J. Super. 571, 573 (Super. Ct. Ch. Div. 1986). The *McMahon* Court declined to even impose a *per se* rule concerning punitive damages in motor vehicle accident cases where the defendant driver was intoxicated and instead held that where the defendant's intoxication was the sole aggravating factor in the collision, such evidence would not support an award of punitive damages.[4]

By contrast, the Superior Court found that a plaintiff did make out a *prima facie* case of especially egregious conduct that could support an award of punitive damages in *Dong v. Alape*, 361 N.J. Super. 106 (Super. Ct. App. Div. 2003). There, the defendant driver was driving erratically, at fifty miles per hour, and swerved around a vehicle that was stopped to allow pedestrians to cross, when he struck one of the crossing pedestrians. *Id.* at 112. The Superior Court found that sufficiently aggravating circumstances existed to support an award of punitive damages because (i) the defendant was extremely intoxicated; (ii) he had been drinking an unknown quantity of alcohol earlier on the day of the accident; (iii) he had prior knowledge that he was an alcoholic and often drank enough to black out; (iv) he was speeding and driving highly erratically, on a busy street, during rush hour. *Id.* at 121-22. The Court found that serious and

---

[4] In the instant case, there is no allegation involving intoxication of the Defendant-driver, Watts.

00209810.1                                        9

immediate harm was likely to result from those factors, and further considered the fact that the defendant fled the scene. *Id*. at 122. Accordingly, the Court concluded that a jury "might reasonably find that this defendant is the kind of ticking time bomb deserving of punishment and in need of deterrence." *Id*. at 123.

In the instant case, Plaintiff has, at most, asserted a claim for mere negligence. The accident occurred when Plaintiff exited her vehicle into a lane of traffic and was struck by a side-view mirror. See police report attached hereto as Exhibit "J." Plaintiff's allegations, even if true, do not even rise to the level of recklessness, let alone come close to the type of "intentional wrongdoing in the sense of an evil-minded act" or "willful and wanton disregard for the rights of others" needed to warrant punitive damages. See *McMahon*, 218 N.J. Super. at 573. Plaintiff has failed to even adduce any evidence in discovery tending to prove that Watts was speeding or ever left his lane of travel. To the contrary, Mr. Watts has been accused of checking his left-side mirror for too long causing him to not see Plaintiff exiting her vehicle and stepping into his lane. Such an averment clearly does not constitute the type of willful and wanton disregard, let alone "evil-minded" act, needed to warrant punitive damages.

**F.     Plaintiff's Claim for Spoliation of Evidence Should Be Dismissed Because No Such Independent Cause of Action Exists Under New Jersey Law.**

Plaintiff has asserted a separate cause of action for spoliation of evidence. Am. Compl., ECF no. 17 at Eighth Count. However, as no such cause of action exists under applicable law, this claim must be dismissed.

"'[T]he existence of an affirmative cause of action for spoliation of evidence is a matter of state law' and 'must be guided by the decisions of New Jersey's highest court.'" *Wilhelm Reuss GmbH & Co. KG v. E. Coast Warehouse & Distribution Corp.*, Civil Action No. 16-4370 (ES) (MAH), 2017 U.S. Dist. LEXIS 201308, at *7-8 (D.N.J. Dec. 6, 2017) (quoting *Gares v.*

*Willingboro Township*, 90 F. 3d 720, 725 (3d Cir. 1996). This Court has recently affirmed that "[t]he New Jersey Supreme Court has not formally recognized the tort of negligent spoliation. Some decisions within this district have declined to recognize the tort of negligent spoliation of evidence, particularly as against a third party, because New Jersey appellate-level courts have not recognized it." *Id.* (citing *Saksa-Mydlowski v. Ford Motor Co.*, Civ. No. 02-2950 (AET), 2006 U.S. Dist. LEXIS 19902, 2006 WL 931611 (D.N.J. Apr. 10, 2006); *Kolanovic v. Gida*, 77 F. Supp. 2d 595, 606 (D.N.J. 1999) ("As the New Jersey Appellate Division has not yet recognized the tort of negligent spoliation of evidence, and because the New Jersey Supreme Court declined, even in dicta, to recognize the tort . . . , this Court concludes that the New Jersey Supreme Court would not recognize the tort of negligent spoliation of evidence at this time.").

Here, the Eighth Count of the Amended Complaint is titled "Spoliation of Evidence" and alleges that Defendants "knew or reasonably should have known that they possessed important items of evidence," had a duty to preserve those items, and "were negligent, careless and did not use due care in attempting to preserve the evidence." Am. Compl., ECF No. 17 at ¶¶ 121-122. However, because the highest courts of New Jersey have not recognized an independent cause of action for negligent spoliation of evidence, the Eighth Count of Plaintiff's Amended Complaint purporting to assert such a claim must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion and dismiss Plaintiffs' claims against all Defendants other than First Transit, Inc. Should this Honorable Court decline to dismiss all claims other than those against First Transit, Inc., then Defendants respectfully request that this Honorable Court grant their Motion in part and dismiss the claims against Theresa Watts, as administrator of the Watts estate, New Jersey Transit, and SEPTA, for the reasons described *supra*.

        **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By: /s/ Justin A. Bayer
    **JUSTIN A. BAYER, ESQUIRE**