```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    _____

    MARIANNE PODOLSKI,                    1:17-cv-7045 (NLH/JS)

              Plaintiff,           OPINION

         v.

    FIRST TRANSIT, INC., FIRST
    STUDENT INC., NEW JERSEY
    TRANSIT, CARL S WATTS, FIRST
    TRANSIT BUS SERVICES
    SOLUTIONS COMPANY, FIRST
    TRANSIT, SOUTHEASTERN
    PENNSYLVANIA TRANSPORATION
    AUTHORITY, THERESA D WATTS,
    and ADMINISTRATOR FOR THE
    ESTATE OF CARL S. WATTS,

              Defendants.
    _____
```

**APPEARANCES**:

MICHAEL J. DENNIN
THE LAW OFFICE OF VINCENT J. CIECKA
5709 WESTFIELD AVENUE
PENNSAUKEN, NJ 08110
     On behalf of Plaintiff

JUSTIN A. BAYER
KANE PUGH KNOELL TROY & KRAMER, LLP
510 SWEDE STREET
NORRISTOWN, PA 19401-4886
     On behalf of Defendants First Transit, Inc., First Student
     Inc., New Jersey Transit, Carl S. Watts, Theresa D. Watts,
     and Administrator for the Estate of Carl S. Watts

**HILLMAN, District Judge**

     This is a personal injury action arising from a June 18,

2013 accident in which Plaintiff was injured after being struck

by the side mirror of a vehicle. Plaintiff filed a complaint in this matter on June 16, 2015 in the New Jersey Superior Court, Law Division. Among the named defendants were New Jersey Transit and Carl S. Watts – both of whom it appears are non-diverse from Plaintiff. Defendants filed a Notice of Removal on September 13, 2017 alleging that there is complete diversity between the parties "result[ing] from (i) the fraudulent joinder of Defendant, New Jersey Transit, and (ii) the death of former Defendant, Carl Watts" and that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff filed a Motion to Remand on November 7, 2017.

Defendants claim removal is proper because New Jersey Transit was fraudulently joined and Watts died within thirty days before the filing of the Notice of Removal, citing 28 U.S.C. § 1446(b)(3). 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, 28 U.S.C. § 1446(c)(1) states that, for removal based on diversity of citizenship, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has

acted in bad faith in order to prevent a defendant from removing the action." Defendants' filed their Notice of Removal over two years after the commencement of this action in state court in 2015.

Defendants' Petition in Support of the Notice of Removal argues Plaintiff exhibited bad faith by suing Watts "against whom it is now clear she never intended to prosecute a claim." Defendants argue including Watts as a defendant was done in bad faith "as Watts was an employee of First Transit, whom First Transit admitted was acting in the course and scope of his employment." Defendants allege this was "confirm[ed]" by "Plaintiff's failure to indicate any intention to raise an estate for Watts to substitute as a party defendant" at the time of the purported removal. Defendants argue "Plaintiff's willingness now to not proceed against the estate of Watts – the only Defendant who conferred state court venue – can only be taken as evidence that Watts was an unnecessary party and his inclusion was in bad faith."

The Court is not convinced that Plaintiffs acted in bad faith to prevent Defendants from removing this action. The Court has been advised that Watts died on August 18, 2017 and that Plaintiffs were made aware of his passing on September 6, 2017.

N.J.S.A. 3B:10-2 provides:

3

> If any person dies intestate, administration of the intestate's estate shall be granted to the surviving spouse or domestic partner of the intestate, if he or she will accept the administration, and, if not, or if there be no surviving spouse or domestic partner, then to the remaining heirs of the intestate, or some of them, if they or any of them will accept the administration, and, if none of them will accept the administration, then to any other person as will accept the administration.
> If the intestate leaves no heirs justly entitled to the administration of his estate, or if his heirs shall not claim the administration within 40 days after the death of the intestate, the Superior Court or surrogate's court may grant letters of administration to any fit person applying therefor.

Forty days after Watts' death was September 27, 2017. Soon after the expiration of this forty-day period, on October 19, 2017, it appears Plaintiff moved for an administrator to be appointed over Watts' estate. An order was entered by the state court on October 26, 2017 in response to this motion.

The Court discerns no bad faith here. First, the Court is cognizant that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" A.S. v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). "[A] removing party who contends that the plaintiff acted in bad faith to prevent removal bears a 'heavy burden of persuasion . . . .'" Plaxe v. Fiegura, No. 17-1055, 2018 WL 2010025, at *3 (E.D. Pa. Apr. 27, 2018) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

4

Based on the allegations of the Complaint, it appears clear that Watts was not named as a defendant in bad faith – indeed, it is alleged he was the driver of the vehicle that struck Plaintiff. That no relief might ultimately come from Watts does not mean Watts was included in the lawsuit in bad faith. Further, clearly Watts' death was not a matter within the control of Plaintiff, nor was the forty-day period imposed by New Jersey law before Plaintiff could seek an administrator over the estate. Plaintiff acted promptly in making a motion for the appointment of an administrator and soon after in November 2017 moved for the administrator to be substituted as a defendant. Defendants have failed to satisfy their "heavy burden" of showing Plaintiff's bad faith.

As Defendants have failed to demonstrate bad faith, and as Defendants' Notice of Removal was filed well over a year after the commencement of this matter in state court, the Court will grant Plaintiff's Motion to Remand.

The Court will deny Plaintiff's request for attorneys' fees and costs. 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  <u>Id.</u>  The Court finds, under the unique circumstances of this case, that an award of attorneys' fees is not warranted.  While the Court does not find Defendants' suggestion of bad faith meritorious, considering the short deadline in which Defendants could file their Notice of Removal and the information before them at the time, the Court will not award attorneys' fees in this matter.  Plaintiff's request is denied.

Lastly, while this case was removed from the Camden County Superior Court, Defendants argue the proper venue on remand is the Atlantic County Superior Court.  However, "'[r]emand' means 'send back.'  It does not mean 'send elsewhere.'  The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'"  <u>Bloom v. Barry</u>, 755 F.2d 356, 358 (3d Cir. 1985) (quoting 28 U.S.C. § 1447(d)).  The Court will remand this case to the Camden County Superior Court.

An appropriate Order will be entered.


Date:  June 19, 2018                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.